UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN NEELEY,

                              Petitioner,

        v.

JEFFREY A UTTECHT,

                              Respondent.

Case No. C19-5667-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for October 25, 2019

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 31, 2019. Dkts. 1, 6. The petition has not been served on the respondent. By order dated August 27, 2019, the Court directed petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies. Dkt. 7. Petitioner filed a document in response entitled "Motion for Reconsideration" which raises arguments regarding the issue of exhaustion. Dkt. 8.

As petitioner's filing (Dkt. 8) appears to be a response to the Court's order to show cause, the Court should construe it as such. It would be appropriate for the Clerk to strike its designation as a motion on the docket.

Alternatively, to the extent petitioner's response could also be considered a motion for reconsideration of the Court's order to show cause, it should be denied because petitioner fails to meet his burden on reconsideration. Furthermore, having considered petitioner's response to the order to show cause, the Court should dismiss the federal habeas petition without prejudice for

failure to exhaust state judicial remedies. Also, for the reasons set forth below, the Court should

deny issuance of a certificate of appealability (COA).

<u>BACKGROUND</u>

Petitioner challenges his November 13, 2018, conviction and sentence for eight counts of

Possession of Child Pornography in the First Degree and two counts of Possession of Child

Pornography in the Second Degree. *Id.* Dkts. 1, 6. Petitioner seeks release from incarceration on

the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my

federally conferred Constitutional rights by the State of Washington and its willful defiance of

the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 5. Petitioner

contends his federal constitutional rights were violated because he was not charged in the state

court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*

Petitioner does not state that he has exhausted his state court remedies. *Id.* In fact the

petition affirmatively states that petitioner has not directly appealed his conviction, nor has he

raised the grounds raised in his petition through a post-conviction motion or petition for habeas

corpus in a state trial court. *Id.*, at 1-13. Petitioner states that he did not appeal to the highest state

court having jurisdiction because "[t]he State of Washington does not have jurisdictional

authority to decide on United States Constitution matters, which are outside it's jurisdictional or

statutory governing limits." *Id.*, at 7-13. He further states that "[n]o grounds herein have been

raised at the state level, as the state has no jurisdictional authority to rule on federal

constitutional matters."[1] *Id.*, at 12.

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 6, at 12. The Court interprets this as a typographical or scrivenor's error however as petitioner makes clear in his explanation to the question that **no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

1    By order dated August 27, 2019, petitioner was given an opportunity to show cause why

2  his petition should not be dismissed for failure to exhaust his state judicial remedies. *See* Dkt. 7.

3  Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by fairly

4  presenting claims of violation of federal rights before the state courts, before seeking a writ of

5  habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1). Petitioner was advised that to properly exhaust his

6  federal claims, he must finish "one complete round of the State's established appellate review

7  process," up to the highest state court with powers of discretionary review. *Id.*; *O'Sullivan v.*

8  *Boerckel*, 526 U.S. 838, 845 (1999). Petitioner was also advised that, based on his petition, it

9  appeared state remedies remained available to him as, given his conviction and sentence date of

10  November 13, 2018, the one-year statute of limitations for seeking post-conviction collateral relief

11  in state court had not yet run. RCW 10.73.090; 28 U.S.C. § 2244(d); Dkt. 7.

12    Petitioner filed a document in response to the Court's order to show cause entitled

13  "motion for reconsideration" which raises arguments with respect to the issue of exhaustion. Dkt.

14  8. However, this document fails to establish a basis for reconsideration of this Court's order to

15  show cause or to remedy the deficiencies in the petition noted by the Court's order to show

16  cause. *Id.* Rather, the document re-iterates petitioner's jurisdictional arguments and calls for the

17  court to consider the merits of his constitutional claims (that his federal constitutional rights were

18  violated because he was not charged in the state court by Grand Jury Indictment) without

19  considering exhaustion. *Id.*

20                                              DISCUSSION

21  **A.    Habeas Petition – Failure to Exhaust State Court Remedies**

22

23

24

25

REPORT AND RECOMMENDATION - 3

1    Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a

2    habeas petition when it is filed, and if it plainly appears from the petition and its attachments the

3    petitioner is not entitled to relief, the Court must dismiss the petition.

4    The Court concludes that petitioner's federal habeas petition should be dismissed without

5    prejudice for failure to exhaust state court remedies. Petitioner plainly acknowledges he has not

6    presented the claims raised in his petition to the highest state court and, as such, his petition is

7    not eligible for federal habeas review. Dkt. 6, at 1-13. Exhaustion of state court remedies is a

8    prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2]

9    Petitioner indicates that he does not intend to bring his claims to the state courts—state courts

10   would never have the opportunity to consider the habeas claims raised in his federal petition—

11   asserting that the state courts lack jurisdiction over issues that are raised under the United States

12   Constitution. Dkt. 6, at 5-12.

13   A state prisoner is required to exhaust all state court remedies, by fairly presenting claims

14   of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28

15   U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state

16   courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal*

17   rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because

18   "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526

19   U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must

20

21

22

23   [2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
     (A) the applicant has exhausted the remedies available in the courts of the State[.]"

24

25

REPORT AND RECOMMENDATION - 4

finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside its jurisdictional or statutory governing limits." Dkt. 6, at 5-12. This argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts. In his response to the Court's order to show cause, petitioner appears to argue that presentation of his claims to the state court would be futile because the state has enacted a constitution which conflicts with the federal constitution. Dkt. 8. However, state courts are "equally bound to guard and protect rights secured by the [federal] Constitution," *Ex parte Royall*, 117 U.S. 241, 251 (1886); *Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981). An exception

1    to exhaustion is made only if there is no opportunity to obtain redress in state court or if the

2    corrective process is so clearly deficient as to render futile any effort to obtain relief. *Duckworth*,

3    454 U.S. at 3–4; 28 U.S.C. §2254(b)(1)(B).[3]

4        Petitioner makes no showing that such an exception to the exhaustion requirement applies

5    here. *See Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) (even if a petitioner believes it

6    would be futile to argue his Constitutional claims to the state courts because he does not believe

7    they would be successful, "the apparent futility of presenting claims to state courts does not

8    constitute cause of procedural default."). Moreover, the fact that petitioner believes this to be a

9    clear or obvious violation of the federal constitution does not excuse him from the exhaustion

10   requirement. *See Duckworth*, 454 U.S. at 4 ("obvious constitutional errors, no less than obscure

11   transgressions, are subject to the [exhaustion] requirements of §2254(b)[.]").

12       Petitioner plainly acknowledges he has not presented the claims raised in his petition to the

13   highest state court and presents no colorable claim that an exception to the exhaustion requirement

14   applies in his case. Furthermore, petitioner does not dispute that given his conviction and sentence

15   date of November 13, 2018, the one-year statute of limitations for seeking post-conviction

16   collateral relief in state court has not yet run and state remedies remain available. RCW 10.73.090;

17

18

19

20

21

22

23   [3] Petitioner also argues he can show cause and prejudice to overcome a procedural default in state court. Dkt. 5, at
     15. But, as noted above, because state remedies remain available to petitioner, he is not procedurally defaulted and,
24   thus, the Court need not reach these arguments.

25

REPORT AND RECOMMENDATION  - 6

1    28 U.S.C. § 2244(d); Dkt. 7. Accordingly, the petition is not eligible for federal habeas review.[4][5]

2    Dkt. 6, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v.*

3    *Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been

4    exhausted *at the time of filing.*") (emphasis added).

5                                       "MOTION FOR RECONSIDERATION"

6          To the extent petitioner's response (Dkt. 8) could also be considered a motion for

7    reconsideration of the Court's order to show cause, it should be denied as petitioner fails to meet

8    his burden on reconsideration. Motions for reconsideration are disfavored under the Court's local

9    rules:

10               Motions for reconsideration are disfavored. The court will ordinarily deny such
                 motions in the absence of a showing of manifest error in the prior ruling or a
11               showing of new facts or legal authority which could not have been brought to its
                 attention earlier with reasonable diligence.

12

13   [4] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and
     offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by
14   this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See,
     e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal
15   without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-
     TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies);
16   *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure
     to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of
17   Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court
     remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-
     648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because
18   grounds raised in petition are without merit).

19   [5] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long
     been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting
20   attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S.
     516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the
     Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically
21   applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct.
     468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-
22   659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because
     grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019)
23   (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit);
     *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court
     remedies and because grounds raised in petition are without merit). Yet, the Court need not reach the merits of
24   petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

25

Local Rules W.D. Wash. CR 7(h)(1). Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

In this case petitioner, for the same reasons discussed above regarding the issue of exhaustion, fails to show manifest error in the Court's prior order. Petitioner also presents no new facts or legal authority that would warrant reconsideration of the Court's order. Accordingly, if the Court also considers petitioner's response (Dkt. 8) as a motion for reconsideration, the motion should be denied.

<u>CONCLUSION AND DEADLINE FOR OBJECTIONS</u>

For the foregoing reasons, the Court should construe petitioner's "motion for reconsideration" (Dkt. 8) as a response to the Court's order to show cause and direct the Clerk to strike its designation as a motion on the docket. Alternatively, to the extent the Court deems it appropriate to also consider petitioner's response (Dkt. 8) as a motion for reconsideration of the Court's order to show cause, it should be **DENIED** as petitioner fails to meet his burden on reconsideration. Furthermore, having considered petitioner's response to the order to show cause, the Court should **dismiss the federal habeas petition without prejudice for failure to exhaust state judicial remedies.**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A

petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.** A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 25, 2019**.

Dated this 4th day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9