HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN NEELEY,

        Petitioner,

v.

JEFFREY A UTTECHT,

        Respondent.

CASE NO. C19-5667RBL

ORDER

THIS MATTER is before the Court on Petitioner Neeley's Motion for Reconsideration [Dkt. # 17] of the Court's November 1 Order [Dkt. # 11] adopting the magistrate Judge's Report and Recommendation [Dkt. # 9] and denying Neeley's § 2254 habeas petition [Dkt. # 6]. Neeley previously filed post-judgment Motions to Compel and to Amend the Case Caption [Dkt. #s 14 and 15]. Those Motions were DENIED, because the matter was and is closed. [Dkt. # 16].

Neeley also moves to Amend [Dkt. # 18] his already-denied habeas Petition [Dkt. # 6].

Neeley's Motion was filed December 23, some 52 days after the Order. Under LCR 7(h)(2), a Motion for Reconsideration must be filed within **14 days** of the Order to which it relates. Neeley's Motion for Reconsideration is thus untimely.

ORDER - 1

Furthermore, Motions for Reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the Court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Neeley's Motion for Reconsideration does not meet this standard, even if it was timely filed. The Motion for Reconsideration [Dkt. # 17] is DENIED.

The Motion to Amend the Petition [Dkt. # 18] is untimely and ineffective. It too is DENIED. The matter remains CLOSED. The Court will not accept further filings on this matter, other than a Notice of Appeal.

IT IS SO ORDERED.

Dated this 7th day of January, 2020.

Ronald B. Leighton
United States District Judge